UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NUMBER 5:23-cv-93-LLK

LESLIE CONNELLY                                                                            PLAINTIFF

v.

FRANK BISIGNANO,
Commissioner of Social Security                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION FOR APPROVAL OF 406(b) ATTORNEY FEE [DN 23]

This matter is before the Court on the Motion for Approval of Attorney Fee pursuant to 42 U.S.C. § 406(b). Plaintiff's counsel, Donald Green, seeks this Court's approval of § 406(b) attorney fees in the amount of $21,097.00, or twenty-five percent of $84,388.00, the total past-due benefits awarded to Plaintiff. [DN 23]. Supporting counsel's Motion are exhibits which include the favorable ALJ Decision upon remand, a Notice of Award for the Plaintiff in the amount of $84,388.00 in past-due benefits, a Notice of Award for the Plaintiff's child in the amount of $14,001 in past-due benefits, the fee agreement, and counsel's EAJA timesheet. The Commissioner does not oppose the motion. [DN 24]. The parties consented to the jurisdiction of the undersigned United States Magistrate Judge to determine this case, with any subsequent appeal to be filed directly to the United States Court of Appeals for the Sixth Circuit. [DN 10].

For the reasons below, the Court will GRANT counsel's Motion in part and DENY it in part, approving an award of $12,250.00 in 406(b) attorney fees.

### I. Procedural History

In June of 2023, Plaintiff filed a Complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Final Decision of the Commissioner denying her claim for Social Security

Disability benefits. [DN 1]. In October of 2023, Plaintiff filed her Fact and Law Summary and supporting Brief [DN 14], and the Commissioner filed a responsive Fact/Law Summary. [DN 18]. In its February 27, 2024, Memorandum Opinion and Order, this Court remanded Plaintiff's case to the Commissioner for a new Decision pursuant to Sentence 4 of 42 U.S.C. § 405(g). [DN 19].

In May of 2024, as the prevailing party (in successfully obtaining a remand), Plaintiff filed a Motion for Attorney Fees under the Equal Access to Justice Act (EAJA) in the amount of $3,062.50. The parties stipulated to this amount in a Joint Agreed Order entered by this Court on April 3, 2024. [DN 22]. Upon remand, the ALJ reversed the agency's previously Unfavorable Decision and found Plaintiff disabled, resulting in a reward of past benefits totaling $84,388.00. [DN 23-2]. Attorney Donald Green, a local disability practitioner doing business as "Law Offices of Donald R. Green, Jr.," has filed the present fee request seeking approval for $21,097.00 (25% of $84,388.00), the maximum fee allowed by statute. [DN 23].

## II.  Applicable Law

There are three statutory provisions that address payment of attorney fees for representatives of claimants in Social Security appeals. The Equal Access to Justice Act ("EAJA") is a fee-shifting statute that authorizes an award of attorney's fees against government agencies—including the Social Security Administration—unless the government's position was "substantially justified" or there are special circumstances that would make the award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). EAJA fees are typically sought at the time a successful claimant receives a remand from the federal court back to the Social Security Administration. The second statutory provision—42 U.S.C. § 406(a)—covers work performed by the claimant's representative at the administrative level. The third statutory provision, which is applicable in the present case, is found in 42 U.S.C. § 406(b). Under 406(b), a court may allow, as part of its judgment, "a reasonable fee

2

… not in excess of 25 percent of the … past-due benefits" awarded to the claimant. Attorney's fees under 406(b) are typically sought when a claimant's case was remanded to the Commissioner from the federal court, and a favorable decision awarding benefits results from that remand.

Thus, when a social security claimant receives a favorable judgment, their attorney may be awarded a reasonable fee. As the Commissioner's Response notes, it is for the Court to decide if a request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law, *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). In *Gisbrecht*, the Supreme Court held that to prevail under § 406(b), plaintiff's counsel must show, and the Court must affirmatively find, that the contingency fee sought—even one within the 25% cap—is reasonable for the services rendered: Section 406(b) "does not displace contingency-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807.

As another district court within the Sixth Circuit put it, to determine whether an award under § 406(b) is reasonable, "a ceiling-floor approach guides the way." *Hensley v. Comm'r of Soc. Sec.*, No. 3:18-CV-00223, 2021 WL 117911, at *2 (S.D. Ohio Jan. 13, 2021). The ceiling is 406(b)'s 25% cap, which "accords a rebuttable presumption of reasonableness to contingency agreements that comply with 406(b)'s 25%-cap." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). The floor is "[the] hypothetical rate that is twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1991). A hypothetical rate that is less than twice the standard rate is *per se* reasonable. *Lasley*, 771 F.3d at 309 (quoting *Hayes*, 923 F.2d at 421).

Courts must review these contingency arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The attorney

seeking the fee has the burden of demonstrating that the amount sought is reasonable for the services rendered. *Id*. Courts are left to consider arguments for attorney's fees amounts which fall between the double-the-standard-rate floor and below the 25% statutory ceiling.[1]

As Judge Beaton in this district recently opined, district courts have discretion to reduce fees, even fees unopposed by the Commissioner. *Williams v. Dudek*, No. 5:21-CV-47-BJB, 2025 WL 1233215 (W.D. Ky. April 29, 2025). *Williams* instructs that courts in the Sixth Circuit have a duty to independently assess unopposed § 406(b) fees with care and are not barred from reducing such fee awards when they conduct "an individualized analysis of the circumstances of the case," *Id*. at *2 (citing *In re Horenstein*, 810 F.2d 73, 75 (6th Cir. 1986)):

> The district court's role is not just a matter of discretion. Supreme Court precedent requires district courts to scrutinize fee agreements: "Although the contingency agreement should be given significant weight in fixing a fee, a district judge *must* independently assess the reasonableness of its terms." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002) (emphasis added) (quoting *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989)). A court that passively accepts a fee agreement doesn't just fail to exercise discretion—it fails to discharge its duty of independent review.

*Williams* at *2-3.

The Sixth Circuit very recently had occasion to address contingency-fee agreements for § 406(b) fee awards in *Tucker v. Commissioner*, 136 F.4th 639 (6th Cir. 2025), and reiterated that contingency-fee agreements within the twenty-five percent cap are afforded a rebuttable presumption of reasonableness; nevertheless, if a court chooses not to give effect to the terms of the agreement, it should state for the record the deductions being made and the reasons for those deductions. *Tucker* at 643 (citing *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)). According to *Tucker,* "[d]eductions generally should fall into two categories: 1) those occasioned

---

[1] Proof submitted in 406(b) fees requests in other cases has included counsel's affidavit concerning their customary hourly billing rate and evidence contesting the $140 per hour standard rate utilized in the Western District of Kentucky. In addition, this Court has awarded fees for hours billed by paralegals as well as costs for litigation expenses incurred during the pendency of the case in federal court.

by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. In explaining the proper analysis for district courts' analysis of 406(b) fees and contingency-fee agreements, *Tucker* further instructed as follows:

> The Supreme Court has "expressly authorized district courts to consider the attorney's hours and standard rates in reviewing the reasonableness of contingency fees." *Lasley*, 771 F.3d at 309 (citing *Gisbrecht*, 535 U.S. at 808, 122 S.Ct. 1817). If a twenty-five-percent contingency fee yields a disproportionately high effective hourly rate, then this hypothetical hourly rate can be one consideration in reducing the fee award. *See Royzer v. Sec'y of Health & Hum. Servs.,* 900 F.2d 981, 982 (6th Cir. 1990). But a high effective hourly rate cannot *on its own* justify reducing a fee award—district courts must provide additional reasoning. *See Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 421 (6th Cir. 1990). After all, attorneys who work on a contingent-fee basis "will not prevail every time.... Contingent fees generally overcompensate in some cases and undercompensate in others." *Royzer*, 900 F.2d at 982. Thus, a district court should not limit attorney's fees to "whatever flat hourly rate [it] deems reasonable." *Hayes*, 923 F.2d at 421. That said, it is not "improper for a district judge to reduce a contingent fee to an hourly rate and view the computed hourly rate as *part* of the calculus in arriving at an appropriate fee." *Royzer*, 900 F.2d at 982. This approach recognizes that "Congress has put the responsibility on the federal judiciary to make sure that fees charged are reasonable and do not unduly erode the claimant's benefits." *Id.*

*Tucker,* 136 F.4th 639, 643–44 (6th Cir. 2025).

Deductions from the twenty-five percent cap may be appropriate where "the attorney would 'enjoy a windfall because of … an inordinately large benefit . . . .'" *Hayes*, 923 F.2d at 421-22 (internal citation omitted). As noted above, *Hayes* sets the "floor" to consider when assessing contingency fees: "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Id*. As there is no indication of any misconduct by or ineffectiveness of

5

counsel in this case, the Court will limit its *Rodriguez* analysis to whether the fee requested would result in a "windfall" to Plaintiff's counsel.

### III. Discussion

Plaintiff's counsel Donald Green is a social security disability practitioner in Paducah, Kentucky, and one of the few remaining local attorneys whose practice includes social security appeals to the federal court. Mr. Green seeks approval of a fee of $21,097.00, or 25% of $84,388.00, the total past-due benefits awarded to Plaintiff. This amount represents the highest attorney fee award permissible under 42 U.S.C. § 406(b)'s twenty-five percent cap. The Commissioner has not objected to the amount sought, nor has Plaintiff Connelly. A duly executed contingency fee agreement between counsel and Plaintiff was not filed with the Motion but was located by the Court in the Administrative Record at [DN 9] at 124; the fee agreement terms appear to be compliant with the twenty-five percent cap of § 406(b) (though its provisions ran afoul of the administrative fee cap)[2] and are therefore entitled to the rebuttable presumption of reasonableness. As to the effective hourly rate, counsel reportedly spent a modest 24.50 hours litigating this case in federal court. [DN 23] at 2. Based upon these numbers, the effective hourly rate would be approximately $861.10 ($21,097.00 ÷ 24.50). The Court finds no fault with the efficient 24.50 hours billed by counsel. The appropriate hypothetical hourly rate however, is less clear-cut.

Whether this hypothetical hourly rate is *per se* reasonable requires a comparison to the standard rate in the market where the action was filed—the Western District of Kentucky. *Hayes*,

---

[2] Plaintiff's counsel appended to his Motion a Notice of Order Regarding Fee Agreement ruling received from the Regional Chief Administrative Law Judge revoking the ALJ's prior approval of the two-tier fee agreement on the basis that it did not comport with the statutory requirements of the Social Security Act at the time of the favorable decision because it included the following language: "In the event the case is denied at all levels before the Social Security Administration and appealed to Federal Court, the parties herein agree that the fee will be 25% of the past-due benefits and not subject to the fee agreement cap provisions set forth above." Plaintiff's counsel does not disagree with or dispute the disapproval of the fee agreement on this basis. [DN 23] at 2.

923 F.2d at 422. Counsel has not filed any evidence into the record pertaining to his usual and customary hourly rate for non-contingency fee related legal work, nor has he argued that the billable hour rates in this area are in excess of the standard $140 per hour used to calculate EAJA fees within this district.[3] "For the standard rate, courts in this district have used an EAJA rate of $140 as the comparator for *per se* reasonableness." *Williams*, 2025 WL 1233215, at *3 (citing *Philpott v. Commissioner of Social Security*, No. 3:15-cv-554, 2021 WL 2109225, at *4 (W.D. Ky. May 25, 2021)). The hypothetical hourly rate of $861.10 in this case is more than twice the standard EAJA fee rate of $140 (it is over six times the EAJA hourly rate); therefore, it is not *per se* reasonable. *Hayes*, 923 F.2d at 422. In this instance, the Court's inquiry "may include consideration of factors such as the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel." *Broxton v. Commissioner*, No. 2:19-cv-13595, 2024 WL 2863295, at *1 (E.D. Mich. Apr. 4, 2024) (citing *Gisbrecht*, 535 U.S. at 807-08, 122 S.Ct. 1817).

In support of his fee request, Plaintiff's counsel notes that upon remand, the result achieved was an excellent outcome netting a substantial past due benefits award, as Plaintiff was found "disabled back to the original onset date of October 22, 2019." [DN 23] at 2. The Court agrees that the quality of representation and results achieved were excellent in this case. In addition, counsel notes that an additional auxiliary award[4] of $14,001.00 in past-due benefits was paid to Plaintiff's child as a result of his successful representation in this case. *Id*. This is another example of counsel's expertise in successfully achieving an auxiliary award in Plaintiff's case. Plaintiff's counsel billed a modest 24.50 hours to Plaintiff's case before this Court in order to achieve a highly

---

[3] Using the EAJA fee rate of $140, twice that amount at $280 x 24.5 hours billed in this case before the federal court would mean that a fee of $6,860.00 is *per se* reasonable in this case.
[4] Plaintiff's counsel does not argue for 25% of the auxiliary award for work performed before this Court.

favorable result for his client. He notes that the Motion was timely made, "the amount requested is reasonable and commensurate with the complexity of the case and counsel's expertise, skill and diligent pursuance of the Plaintiff's cause since August 11, 2020, to an ultimate fully successful conclusion on September 18, 2024." [DN 23] at 3.

As Judge Beaton recently noted, there is a certain amount of risk assumed by Social Security practitioners: "[b]ecause attorneys don't prevail in every case, '[c]ontingent fees generally overcompensate in some cases and undercompensate in others.' *Royzer v. Secretary*, 900 F.2d 981, 982 (6th Cir. 1990). That doesn't mean *any* rate is acceptable." *Williams,* 2025 WL 1233215, at *4. In *Lasley*, the Sixth Circuit affirmed the reduction of a fee with a $600 per hour hypothetical rate because it "grossly exceeded … the standard rates applied to social security fee requests" in the district for a case with "relative[ly] simpl[e]" representation. 771 F.3d at 310. Attorney Green's hypothetical hourly rate of $861.10 exceeds the standard rates applied in Social Security cases within this district. In several recent cases within this district, attorneys with decades of Social Security experience (similar to that of counsel Green's in this case) have been allotted $500 per hour in 406(b) cases.[5] There is no doubt that Attorney Green obtained a successful result for his client in this case. However, the issue upon which remand was necessitated was relatively straight-forward: the ALJ erred in finding that Plaintiff does not suffer from medically determinable Raynaud's syndrome. [DN 19] at 3. And while this Court reluctantly inserts itself into the contingency fee agreement between counsel and his client, both Sixth Circuit and Western District of Kentucky precedent interpreting the rebuttable presumption of reasonableness in contingency-fee agreements under 42 U.S.C. § 406(b)(1)(A) requires that it do so.

---

[5] *Kishbaugh v. Saul*, No. 4:17-CV-00107-HBB, 2019 WL 3483163 (W.D. Ky. July 31, 2019); *Lewis v. Kijakazi*, No. 1:19-CV-183-GNS 2023 WL 395793 (W.D. Ky. January 25, 2023) *Williams v. Dudek*, No. 5:21-CV-47-BJB, 2025 WL 1233215 (W.D. Ky. April 29, 2025).

Counsel is one of the more experienced attorneys representing Social Security claimants in the Western District of Kentucky, with decades of experience and over sixty cases in the Paducah Division during that time period. For all of the foregoing reasons, the Court finds that counsel is entitled to the "goal post" rate of $500 per hour, the top hourly rate recently awarded by this Court to similarly experienced practitioners.[6] Therefore, the appropriate fee for the work performed before the federal court in this case is $12,250.00.[7]

## IV.  Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Approval of Attorney Fee pursuant to 42 U.S.C. § 406(b) is GRANTED IN PART and DENIED IN PART. Plaintiff Connolly's attorney Donald Green is to be paid a total of $12,500.00. pursuant to 42 U.S.C. § 406(b). Because EAJA fees of $3,062.00 were paid to counsel pursuant to the Joint Stipulation/Agreed Order for Award of Attorney Fees under the Equal Access to Justice Act [DN 22], counsel shall reimburse the smaller EAJA fee award to Plaintiff. IT IS FURTHER ORDERED that the Commissioner is directed to pay $12,500.00 directly to Attorney Donald Green from the funds withheld from Plaintiff's past due benefits.

November 4, 2025

Lanny King, Magistrate Judge
United States District Court

---

[6] In recent cases in this district, associates with less than five years' experience have been allotted a hypothetical hourly rate of $420 an hour, with more experienced attorneys allotted $460, and those with decades of experience being allotted $500 per hour. *Kishbaugh v. Saul*, No. 4:17-CV-00107-HBB, 2019 WL 3483163 (W.D. Ky. July 31, 2019); *Lewis v. Kijakazi*, No. 1:19-CV-183-GNS 2023 WL 395793 (W.D. Ky. January 25, 2023) *Williams v. Dudek*, No. 5:21-CV-47-BJB, 2025 WL 1233215 (W.D. Ky. April 29, 2025).

[7] The Court anticipates that Attorney Green will file for fees for his work before the Commissioner pursuant to 406(a).